Jones, J.
(concurring). I am in agreement that defendant’s conviction must be vacated and the indictment dismissed. There is no evidence in this record that defendant’s scheme to conceal his own identity in establishing a checking account in the name of "Garry Morris” and using checks drawn on that account for the purchase of merchandise was either undertaken or executed "with intent to defraud, deceive or injure another” as required for a conviction under section 170.25 of the Penal Law. It appears to have been defendant’s purpose to conceal the transactions in question from his wife. Nothing suggests, however, that defendant had any intention other than to make timely and full payment for all merchandise purchased. In an abstract sense it may be said that the scheme was intended to "mislead” but not for the purpose of leading another into error or to disadvantage. The verb "deceive” is not to be read in isolation, but must, in the context in which it appears, be read to connote a fraudulent or injurious purpose.
Inasmuch as there is here no proof of fraudulent intent, I find no occasion to analyze the particulars of the scheme employed by defendant and could not accept any implication that were the same means utilized for a fraudulent purpose they might not support a conviction for criminal possession of a forged instrument in the second degree.
*310 Chief Judge Cooke and Judges Gabrielli, Wachtler and Meyer concur with Judge Fuchsberg; Judge Jones concurs in a separate opinion in which Judge Jasen concurs.
Order reversed and the indictment dismissed.